IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| KATHY P. KIRK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-cv-1397 ) |
| DENNIS R. SPRAGUE, AVIS BUDGET GROUP, INC., AVIS RENT A CAR SYSTEM, LLC, PV HOLDING CORP., and AVIS BUDGET CAR RENTAL, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Avis Budget Group, Inc.'s (Avis Budget) 12(b)(6) Motion to Dismiss (d/e 17) and Defendant PV Holding Corporation's (PV Holding) 12(b)(6) Motion to Dismiss (d/e 18) (collectively the Motions).[1] For the reasons set forth below, the Court recommends that the Motions be DENIED.

---

[1] The Motions were originally filed to seek dismissal of the original Complaint and Demand for Jury Trial (d/e1) (Complaint). The Court allowed Plaintiff to amend his Complaint. Text Order entered February 21, 2012. The Court then allowed Avis Budget and PV Holding's to revive the Motions in accordance with Local Rule 7.1(E). Text Order entered March 2, 2012. The Court, therefore, treats the Motions as motions to dismiss the Amended Complaint.

## STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the First Amended Complaint and Demand for Jury Trial (d/e 22) (Amended Complaint) and draw all inferences in the light most favorable to Plaintiff Kathy P. O'Keefe.  Hagen v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint alleges the following:

Kirk alleges a diversity action for personal injuries resulting from an automobile accident (Accident).  The Accident occurred in Peoria, Illinois, on October 29, 2009, between vehicles driven by Kirk and Defendant Dennis R. Sprague.  Avis Budget is the parent company of Defendants Avis Rent A Car, LLC (Avis Rent A Car), Avis Budget Car Rental, LLC (Avis Budget Car Rental), and PV Holding.  Sprague was the agent, servant, workman and/or employee of Avis Budget, Avis Budget Car Rental, Avis Rent A Car, and/or PV Holding.  Sprague was driving a vehicle owned by PV Holding.  Avis Budget, Avis Rent A Car, Avis Budget Car Rental and PV Holding were conducting a coordinated enterprise to regularly conduct business in Peoria, Illinois, at the time of the Accident.  Amended Complaint, ¶¶ 9, 11, 33.

The Accident occurred near the Peoria International Airport within space used and maintained by the Defendants to regularly conduct business.  The Accident occurred when Sprague's vehicle struck Kirk's vehicle on the driver's side in a "T-bone" collision.  Sprague's vehicle hit Kirk's vehicle with such force that the airbags in her vehicle deployed and her vehicle was spun one hundred eighty degrees.  The Accident occurred after sunset.  The location where the Accident occurred was poorly lit and did not have traffic signs or signals.  The road surfaces were wet at the time.  Kirk suffered serious injuries as a result of the Accident.  <u>Amended Complaint</u>, ¶¶ 12-14.

Kirk alleges that the Defendants knew or should have known of the dangerous condition on the property where they generally conducted business.  Kirk alleges that none of the Defendants attempted to fix the road conditions, post adequate road signs, or provide adequate lighting, and none attempted to warn Kirk of the dangerous conditions.  Defendants knew or should have known that such safety defects existed but failed to act to provide customer safety, safety to the general public, and safety to Kirk.  Defendants further knew or should have known that the dangerous conditions on the property operated and maintained by them would likely lead to injuries to customers and members of the public, including Kirk.  <u>Amended Complaint</u>, ¶¶ 14-20.  Kirk alleges that the Defendant businesses

failed to train Sprague. Amended Complaint, ¶ 21. Kirk alleges that she was in no way contributed to the cause of her injuries. Amended Complaint, ¶ 22.

Based on these allegations, Kirk alleges four Counts against the Defendants. Count I alleges a claim against Sprague for negligent operation of the vehicle that he was driving. Count II alleges a claim against Sprague for reckless and wanton operation of the vehicle that he was driving. Count III alleges claims against Avis Budget, Avis Rent A Car, and Avis Budget Car Rental for both negligent and reckless operation of the property where the Accident occurred. Count IV alleges a claim for vicarious liability against Avis Budget, Avis Rent A Car, Avis Budget Car Rental and PV Holding for each others conduct and for the conduct of Sprague. Avis Budget and PV Holding now move to dismiss.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

The Defendants submitted affidavits to support the Motions.  Motions to dismiss are to be decided on the face of the Amended Complaint.  The Court, in its discretion, may elect to consider matters submitted by the parties that are outside the pleadings, but is not required to do so.  Berthold Types Ltd. v. Adobe Systems, Inc., 242 F.3d 772, 776 (7th Cir. 2001).  If the Court elects to consider the additional matters, then the Motion must be converted to a motion for summary judgment and the Court must give parties a reasonable opportunity to submit additional materials.  Fed. R. Civ. P. 12(d).

In this case, the Court elects not to consider materials outside the pleadings.  If the Defendants wish to submit a motion for summary judgment, they should follow the Local Rule 7.1(D).  The Court sees no reason in this case to allow this circumvention of the Local Rules.  Furthermore, this matter is in the early stages of the proceedings and the

parties have not been able to conduct any discovery.  Such discovery may reveal relevant information about the relationship between the Defendant business entities.  The Court, in its discretion, determines that in the context of this case the Motions should be addressed as they were styled, motions to dismiss under Rule 12(b)(6).  As such, the Court will not consider matters submitted by the parties that are outside the pleadings.

Avis Budget moves to dismiss because it had no responsibility relating to the Accident.  Avis Budget asserts that Sprague was not its employee or agent and it did not operate the facility where the accident occurred.  The Complaint, however, alleges that Avis Budget operated the facility and employed Sprague.  The Court must assume those allegations to be true at this time.  Based on those allegations Avis Budget can be held responsible.  The Complaint, therefore, states a claim against Avis Budget.

PV Holding argues that it should not be held responsible because it only owned the vehicle that Sprague drove.  PV Holding asserts that Sprague was not its employee or agent.  PV Holding concedes, however, that as the owner of the vehicle involved in the Accident, PV Holding is presumed to be in control of that vehicle.  <u>Scheibel v. Groeteka</u>, 183 Ill.App.3d 120, 139, 538 N.E.2d 1236, 1249 (Ill.App. 5th Dist. 1989).  In light of this presumption, Kirk states a claim against PV Holding.

The Court further notes that the Court would recommend denying the Motions even if the Court converted the Motions to requests for summary judgment. The bare bones affidavits submitted by Avis Budget and PV Holding raise more questions than they answer. The Amended Complaint alleges that the four Defendant business entities conducted a coordinated enterprise at the Peoria car rental facility. The affidavits state that Avis Budget owns Avis Rent A Car and PV Holding, that PV Holding owns the vehicles used in the Avis Rent A Car operation near the Peoria airport. Illinois respects the limited liability of separate affiliated business entities, but the level of coordination, cooperation, and control between the entities is relevant to determine whether a joint venture relationship or some other type of agency or partnership relationship existed between these related entities that would give rise to joint liability. See Forsythe v. Clark USA, Inc., 224 Ill.2d 274, 299, 864 N.E.2d 227, 242 (Ill. 2007) (parent corporation can be liable for subsidiary's actions depending of the level of the parent corporation's direct control of the subsidiary); see also, Yokel v. Hite, 348 Ill.App.3d 703, 708-09, 809 N.E.2d 721, 727 (Ill.App. 5th Dist. 2004) (a joint venture is an association of two or more persons to carry out a single enterprise for profit). In response to the Motions, Kirk filed a Rule 56(d) declaration asking for more time to conduct discovery on the interrelationship of the Defendant businesses. Plaintiff's Memorandum in

Support of Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss (d/e 21), attached Declaration of Plaintiff's Attorney Pursuant to Fed. R. Civ. P. 56(d). The Court would have recommended allowing the discovery requested by Kirk at this early stage in the proceeding and denying the requests for summary judgment with leave to refile at a later time.

WHEREFORE, the Court recommends that Defendant Avis Budget Group, Inc.'s 12(b)(6) Motion to Dismiss (d/e 17) and Defendant PV Holding Corporation's 12(b)(6) Motion to Dismiss (d/e 18) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: March 26, 2012

       *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE