UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KATHY P. KIRK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cv-1397 |
| ) | |
| DENNIS R. SPRAGUE, AVIS BUDGET ) | |
| GROUP, INC., AVIS RENT A CAR ) | |
| SYSTEM, LLC, PV HOLDINGS CORP., ) | |
| and AVIS BUDGET CAR RENTAL, LLC ) | |
| ) | |
| Defendants. ) | |

# O P I N I O N  &  O R D E R

Before the Court is Defendant Avis Budget Group, Inc.'s (Avis Budget Group) 12(b)(6) Motion to Dismiss (Doc. 17) and Defendant PV Holding Corporation's (PV Holding) 12(b)(6) Motion to Dismiss (Doc. 18). The Motions sought dismissal of the original Complaint. With this Court's permission, Plaintiff filed an Amended Complaint on February 28, 2012. (Doc. 22). Avis Budget Group and PV Holding moved to revive their Motions to Dismiss on March 2, 2012, (Doc. 22, 23), which the Court allowed. On March 26, 2012, Magistrate Judge Byron Cudmore issued a Report and Recommendation (R&R) in which he recommended denial of both Motions to Dismiss. (Doc. 32).

In the R&R, Judge Cudmore noted that both Defendants submitted affidavits in support of their Motions, though motions to dismiss are to be decided on the face

1

of a plaintiff's complaint. (Doc. 32 at 5). Judge Cudmore therefore elected not to consider the affidavits, which would require conversion of the Motions into motions for summary judgment. (Doc. 32 at 5). Judge Cudmore rejected Avis Budget Group's assertions that Sprague was not its employee or agent and that it did not operate the facility where the accident occurred, noting that, on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in Plaintiff's Amended Complaint. (Doc. 32 at 6). Judge Cudmore was not persuaded by PV Holding's argument that that it should not be held responsible because it only owned the vehicle Sprague drove, and that Sprague was not its employee or agent. (Doc. 32 at 6). Judge Cudmore noted that PV Holding conceded that, as the owner of the vehicle, it is presumed to be in control of that vehicle under Illinois law. *Scheibel v. Groeteka*, 538 N.E.2d 1236, 1249 (Ill. App. Ct. 1989). In light of this presumption, Judge Cudmore found that Plaintiff states a claim against PV Holding. (Doc. 32 at 6).

Additionally, Judge Cudmore found that even if the Court chose to consider the affidavits and converted the Motions to motions for summary judgment, it would still recommend denial of the Motions. (Doc. 32 at 7). He noted that the affidavits "raise more questions than they answer," and that a much more detailed analysis of the connection between the four Defendant business entities would be necessary to determine whether a joint venture relationship or some other type of agency or partnership relationship existed between them that would give rise to joint liability. (Doc. 32 at 7).

The parties were notified that failure to object to Judge Cudmore's R&R within fourteen days after service of the R&R would constitute a waiver of any objections. (Doc. 32 at 8). *See* 28 U.S.C. § 636(b)(1). *See also Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). Objections to the R&R were due by April 12, 2012, and none were filed.

IT IS THEREFORE ORDERED that Judge Cudmore's March 26, 2012 Report and Recommendation (Doc. 32) is ADOPTED. Defendant Avis Budget Group, Inc.'s 12(b)(6) Motion to Dismiss (Doc. 17) and Defendant PV Holding Corporation's 12(b)(6) Motion to Dismiss (Doc. 18) are DENIED. This case is referred to Judge Cudmore for further pretrial proceedings.

Entered this <u>13th</u> day of August, 2012.

                                                 s/ Joe B. McDade
                                                 JOE BILLY McDADE
                                     United States Senior District Judge